**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2654-23

MICHAEL P. ONDIK, M.D.,

    Plaintiff-Appellant,

v.

PRINCETON EYE & EAR,
LLC,

    Defendant-Respondent.

_____

> Argued March 11, 2025 – Decided July 9, 2025
>
> Before Judges Susswein and Perez Friscia.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-000079-23.
>
> Ryan S. Malc argued the cause for appellant (Maggs, McDermott & Diccio, LLC, attorneys; Ryan S. Malc, on the briefs).
>
> Sheila Ann Wilson argued the cause for respondent (Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, attorneys; Sheila Ann Woolson and Anthony Argiropoulos, of counsel and on the brief).

PER CURIAM

This case arises from the enforcement of a restrictive covenant (Restrictive Covenant) in an employment contract between plaintiff Dr. Michael P. Ondik, M.D. and his former employer, defendant Princeton Eye & Ear, LLC. The Restrictive Covenant provides that when plaintiff leaves employment with Princeton Eye & Ear, he is prohibited for five years from practicing otolaryngology within a twenty-mile radius of defendant's offices or any hospital where a member of defendant's practice holds privileges. When serving notice that he intended to leave employment with Princeton Eye & Ear, plaintiff sought permission to practice at the offices of Hunterdon Otolaryngology & Allergy Associates (HOAA), which is located within the restricted zone. Defendant denied the request, prompting plaintiff to file lawsuit claiming that the Restrictive Covenant is unreasonable and unenforceable.

Plaintiff appeals an April 24, 2024 Chancery Division order denying his order to show cause for temporary restraints and dismissing his complaint without prejudice. The trial court ruled there was no live case. After reviewing the record in light of the parties' arguments and governing legal principles, we remand to the trial court for further fact-finding and to permit discovery as

A-2654-23

needed to develop a record regarding whether plaintiff's suit is moot as defendant claims.

We presume the parties are familiar with the pertinent facts and procedural history, which we need only briefly summarize. In 2018, plaintiff joined defendant's practice, which specializes in otolaryngology and facial plastic and reconstructive surgery. In a letter dated July 18, 2023, plaintiff notified defendant that he would fulfill his obligations under the contract by working until its expiration date of December 31, 2023 but would not seek to extend his employment. Plaintiff also informed the defendant he was "considering an employment opportunity with [HOAA]" and requested "[defendant] agree that [plaintiff] be permitted to accept employment with HOAA, if such an opportunity presents itself." Plaintiff acknowledged in his resignation letter that HOAA's office in Flemington "is 19.23 miles from [defendant]'s Lawrenceville offices and 17.22 miles from Capital Health, Hopewell Hospital."

On October 17, 2023, defendant sent a letter to HOAA explaining that it understood plaintiff was "considering affiliating with [HOAA] after his employment with [Princeton Eye & Ear] ends" and it "wanted to make [HOAA] aware" of the Restrictive Covenant that plaintiff agreed to. The letter to HOAA

further stated that defendant "will take all appropriate actions to protect itself and enforce [plaintiff]'s obligations should it become necessary."

Plaintiff filed his complaint and application for a preliminary injunction on November 1, 2023.[1] The trial court convened a hearing in December 2023, after which it denied plaintiff's application for an injunction under Rule 4:52-1(a) without prejudice. The court reasoned that:

> Although [p]laintiff's employment with [d]efendant will end on December 31, 2023, [p]laintiff is still currently employed with [d]efendant. Defendant has not taken any action against [p]laintiff and no breach of contract has occurred thus far. Rather, [p]laintiff has filed this action in anticipation of a breach of contract action against him. During oral argument, counsel for the [d]efendant pointed out that no adverse action has taken place and the matter may still be resolved prior to any breach or litigation. Consequently, [p]laintiff's action is premature, as it is unclear whether [d]efendant would choose to bring an action against him for breaching the Restrictive Covenant.

When plaintiff learned about defendant's letter to HOAA, he filed a second order to show cause. Defendant filed a cross-motion to dismiss the complaint.

---

[1] On May 21, 2024, plaintiff filed a separate complaint in the Law Division alleging breach of contract, breach of the implied duty of good faith and fair dealing, fraud, and conspiracy related to his allegedly forfeited incentive bonus. That complaint is not before us in this appeal.

A-2654-23

In reply to defendant's opposition to his second order to show cause, plaintiff submitted a certification dated January 4, 2024 from the managing partner at HOAA. The certification explained that plaintiff "was scheduled to begin employment with HOAA on January 2, 2024" but after consultation among the HOAA partners, they "decided to temporarily withdrawal [their] employment offer to [plaintiff] to give him additional time to work through the issues posed by [the] [R]estrictive [C]ovenant." The managing partner's certification stated that "HOAA remains interested in hiring [plaintiff]." The certification further detailed that if plaintiff's "pending application is granted, or if any subsequent order that would permanently or temporarily relieve [plaintiff] from [the] [R]estrictive [C]ovenant as it relates to [HOAA's] Flemington office, [plaintiff] may start his employment with HOAA immediately thereafter."

The trial court issued a detailed oral opinion and order, denying plaintiff's order to show cause and granting defendant's motion to dismiss the declaratory action without prejudice. The court later amplified its oral opinion, finding there was no live controversy and no irreparable harm.

A-2654-23

This appeal followed. In May 2024, defendant filed a motion to dismiss the appeal arguing the Chancery Division order was not final. We denied that motion.

Plaintiff does not dispute that HOAA's Flemington Office falls within the geographic boundaries of the restricted zone created in the Restrictive Covenant. He argues the trial court erred in finding there is no live controversy and asserts he has met the standards for a preliminary injunction, applying the factors set forth in Crowe v. De Gioia, 90 N.J. 126 (1982).[2] Plaintiff further contends the Restrictive Covenant does not meet the required standards for reasonableness set forth in Solari Indus. Inc. v. Malady, 55 NJ. 571 (1970).[3]

In addition to asking us to overturn the trial court's order, plaintiff asks us to impose a temporary injunction on defendant's enforcement of the Restrictive Covenant as it pertains to HOAA, and to invalidate its "Indirect Competition

---

[2] Under Crowe, the party seeking injunctive relief bears the burden of demonstrating: (1) irreparable harm is likely if the relief is denied; (2) the applicable underlying law is well settled; (3) the material facts are undisputed and there exists a reasonable probability of ultimate success on the merits of the claim; and (4) the balance of the hardship to the parties favors the issuance of the requested relief. 90 N.J. at 132-34.

[3] Solar Industries holds that a restrictive covenant must: (1) protect the employer's legitimate interests, (2) impose no undue hardship, and (3) not injure the public. 55 N.J. at 576.

Clause."  In the alternative, plaintiff asks us to "blue pencil" the contract by reducing the restricted area by one mile.

Defendant argues the case is moot.  It also contends plaintiff's appeal is procedurally improper, arguing the order is not final because plaintiff's complaint was dismissed without prejudice and the Chancery Division order did not resolve all issues on their merits.  As to the substantive merits, defendant argues the Restrictive Covenant is reasonable and enforceable.

We need only briefly address defendant's contention that this matter is not properly before us because the trial court's ruling was not a final judgment. We already ruled on that contention when we denied defendant's motion to dismiss the appeal.

Turning to the threshold question of whether there is a live case to decide, defendant argues it had not taken any steps to prevent him from working at HOAA.  That argument is contradicted by its letter to HOAA.  Defendant nonetheless maintains HOAA withdrew its offer and plaintiff "chose to accept employment in Washington State, more than two thousand miles away[.]" Defendant argues because HOAA "withdrew its offer of employment, the Chancery Court no longer had a live controversy to decide."

A-2654-23

At oral argument before us, it became immediately clear the parties vigorously dispute whether plaintiff has taken another job and whether he still has an offer of employment from HOAA. Those are critical fact-sensitive questions pertaining not only to whether plaintiff's complaint is moot, but also whether plaintiff can establish the elements for preliminary injunctive relief under <u>Crowe</u>.

In these circumstances, we deem it appropriate and necessary to remand to the trial court to make additional findings with respect to defendant's present employment status and the status of HOAA's offer of employment. We instruct the court on remand to permit such additional discovery as needed to resolve these factual disputes. If the court finds that the matter is still live, it shall make findings of fact and law with respect to the <u>Crowe</u> factors and with respect to the reasonableness of the Restrictive Covenant, which is relevant to the likelihood-of-success prong of the <u>Crowe</u> test. We offer no opinion on whether the Restrictive Covenant is reasonable and enforceable.

Reversed and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

8